Jeffrey K. Brown, State Bar No. 162957
jkb@paynefears.com
Taylor B. Brown, State Bar No. 322449
tbb@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Tel: (949) 851-1100 / Fax: (949) 851-1212

Attorneys for Defendants GCA EDUCATION SERVICES, INC.; GCA SERVICES GROUP OF CALIFORNIA, INC.; GCA SERVICES GROUP OF TEXAS, L.P.; GCA SERVICES GROUP, INC.; and ABM INDUSTRY GROUPS, LLC

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ABRI DUNN, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

GCA EDUCATION SERVICES, INC., an unknown business entity; GCA SERVICES GROUP OF CALIFORNIA, INC., a California corporation; GCA SERVICES GROUP OF TEXAS, L.P., a Texas limited partnership; GCA SERVICES GROUP, INC., a Delaware corporation; ABM INDUSTRY GROUPS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:26-cv-9391

[Removed from Los Angeles Superior Court, Case No. 26STCV20818]

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

[*Filed Concurrently with Declarations of Taylor B. Brown, Yu Jin Chou, Sterling Scruggs, and Richard Robinson; Supporting Exhibits; Civil Cover Sheet; Notice of Interested Parties; and Request for Judicial Notice*]

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND TO HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ABM INDUSTRY GROUPS, LLC ("Defendant" or "ABM") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. PROCEDURAL BACKGROUND-THE STATE COURT ACTION

1. On or about June 30, 2026, Plaintiff Abri Dunn ("Plaintiff") filed an action against ABM titled *Abri Dunn v. ABM Industry Groups, LLC et al.,* in the Superior Court of the State of California, County of Los Angeles Case No. 26STCV20818 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached as **Exhibit "A"** to the Declaration of Taylor B. Brown ("Brown Decl."). (*See* Brown Decl., ¶ 2, Ex. A).

2. A true and correct copy of the Summons filed by Plaintiff in the State Court Action on June 30, 2026, is attached as **Exhibit "B"** to the Brown Declaration. (*See* Brown Decl., ¶ 3, Ex. B).

3. A true and correct copy of the Civil Case Cover Sheet filed by Plaintiff in the State Court Action on June 30, 2026, is attached as **Exhibit "C"** to the Brown Declaration. (*See* Brown Decl., ¶ 4, Ex. C).

4. A true and correct copy of the Alternative Dispute Resolution Packet in the State Court Action issued by the Los Angeles County Superior Court, is attached as **Exhibit "D"** to the Brown Declaration. (*See* Brown Decl., ¶ 5, Ex. D).

5. A true and correct copy of the Notice of Case Assignment – Unlimited Civil Case in the State Court Action issued by the Los Angeles Superior Court on June 30, 2026, is attached as **Exhibit "E"** to the Brown Declaration. (*See* Brown Decl., ¶ 6, Ex. E).

6. A true and correct copy of the Initial Status Conference Order in the State Court Action issued by the Los Angeles Superior Court on July 10, 2026, is attached as **Exhibit "F"** to the Brown Declaration. (*See* Brown Decl., ¶ 7, Ex. F).

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

7. A true and correct copy of the Court Order Re: Setting Initial Status Conference in the State Court Action issued by the Los Angeles Superior Court on July 10, 2026, is attached as **Exhibit "G"** to the Brown Declaration. (*See* Brown Decl., ¶ 8, Ex. G).

8. The Complaint in the State Court Action was served on Defendant ABM Industry Groups, LLC, through its California registered agent for service of process on July 23, 2026. A true and correct copy of the Proof of Service of Summons filed by Plaintiff in the State Court Action on July 24, 2026, is attached as **Exhibit "H"** to the Brown Declaration. (*See* Brown Decl., ¶ 9, Ex. H).

9. The Complaint in the State Court Action was served on Defendant GCA Education Services, Inc., through its California registered agent for service of process on July 23, 2026. A true and correct copy of the Proof of Service of Summons filed by Plaintiff in the State Court Action on July 24, 2026, is attached as **Exhibit "I"** to the Brown Declaration. (*See* Brown Decl., ¶ 10, Ex. I).

10. The Complaint in the State Court Action was served on Defendant GCA Services Group of California, Inc., through its California registered agent for service of process on July 23, 2026. A true and correct copy of the Proof of Service of Summons filed by Plaintiff in the State Court Action on July 24, 2026, is attached as **Exhibit "J"** to the Brown Declaration. (*See* Brown Decl., ¶ 11, Ex. J).

11. The Complaint in the State Court Action was served on Defendant GCA Services Group of Texas, L.P., through its California registered agent for service of process on July 23, 2026. A true and correct copy of the Proof of Service of Summons filed by Plaintiff in the State Court Action on July 24, 2026, is attached as **Exhibit "K"** to the Brown Declaration. (*See* Brown Decl., ¶ 12, Ex. K).

12. The Complaint in the State Court Action was served on Defendant GCA Services Group, Inc., through its California registered agent for service of process on July 23, 2026. A true and correct copy of the Proof of Service of Summons filed by Plaintiff in the State Court Action on July 24, 2026, is attached as

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**Exhibit "L"** to the Brown Declaration. (*See* Brown Decl., ¶ 13, Ex. L).

13. On August 20, 2026, Defendants filed and served their Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of the Answer is attached as **Exhibit "M"** to the Brown Declaration. (*See* Brown Decl., ¶ 14, Ex. M.)

14. Exhibits "A" through "M" attached to the Brown Declaration constitute the pleadings, process, and orders, if any, filed and served upon or by Plaintiff or Defendant in the State Court Action at the time of removal.

15. Plaintiff alleges the following causes of action against Defendant on behalf of herself and the putative class: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Indemnify Necessary Business Expenses; (6) Failure to Timely Pay Final Wages at Termination; (7) Failure to Provide Accurate Itemized Wage Statements; and (8) Unfair Business Practices.

## II. <u>REMOVAL IS TIMELY</u>

16. Pursuant to 28 U.S.C. section 1446(b)(1), this case is being removed within 30 days of the time when Defendant first became aware that it was removable. *See* 28 U.S.C. § 1446(b)(1).

17. 28 U.S.C. section 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.*

18. "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the operative Class Action Complaint in the State Court Action was served on July 23, 2026. (*See* Brown Decl., ¶ 9, Ex. H). This Notice of Removal is filed within 30 days of that

date and is therefore timely under 28 U.S.C. section 1446(b)(1).

## III. PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA")

19. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005. As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. sections 1441, 1446, and 1453. Pursuant to 28 U.S.C. § 1453(b), Defendant may remove this class action without the consent of the other named Defendants.

20. Under CAFA, the federal district court has jurisdiction if:

a. any class member (named or not) is a citizen of a different state than any defendant; and

b. The combined claims of all class members exceed $5 million exclusive of interest and costs; and

c. There are at least 100 class members in all proposed plaintiff classes. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453(a).

21. Generally, courts "strictly construe[]" removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp*., 672 F.3d 661, 667 (9th Cir. 2012). But "CAFA 'significantly expanded federal jurisdiction in diversity class actions.'" *Jauregui v. Roadrunner Transp. Servs., Inc*., 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 398 (9th Cir. 2010)); *see also Garcia v. Acushnet Co*., No. 3:21-CV-01581-BEN-BGS, 2022 WL 1284820, at *3 (S.D. Cal. Apr. 29, 2022). As such, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Salatino v. Am. Airlines, Inc*., 719 F. Supp. 3d 1094, 1098 (S.D. Cal. 2024).

22. Defendant denies any liability in this case, both as to Plaintiff's individual claims and as to the class or representative claims. Defendant will

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

present compelling defenses to these claims on the merits and intends to oppose class certification. Defendant believes that class treatment is inappropriate under these circumstances and that there are many material differences between the named Plaintiff and the employees Plaintiff seeks to represent in her Complaint. Finally, Defendant contends that Plaintiff is subject to a written arbitration agreement and collective bargaining agreement that contain legally enforceable class waiver provisions.

23. Defendant expressly reserves all rights in these regards. However, for purposes of the jurisdictional requirements for CAFA removal only, Defendant notes that, as set forth in detail below, Defendant is authorized to remove this action to this Court pursuant to CAFA because Plaintiff has filed a class action complaint where Defendant is a citizen of states different from Plaintiff, the alleged amount in controversy exceeds $5 million in the aggregate, and the classes established by Plaintiff's Complaint contain well over 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B) and (d)(6).

**A. <u>The Diversity of Citizenship Requirement is Satisfied Under CAFA Between Plaintiff and Defendant.</u>**

24. This Court has original jurisdiction pursuant to 28 U.S.C. section 1332(d) if, among the other requirements of section 1332(d), a member of a class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Since Plaintiff in this case is a citizen of California, and Defendant is a citizen of Delaware and New York, minimal diversity exists between Plaintiff and Defendant, and there is jurisdiction under CAFA. Further, several other named defendants are citizens of states other than California.

**1. Plaintiff is a Citizen of the State of California.**

25. To establish citizenship of a natural person for diversity purposes, the party must be both a citizen of the United States and a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A

person's "domicile" is the place where he resides, with the intent to remain or to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Domicile is determined at the time the lawsuit was filed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

26. Although residence is not synonymous with citizenship, residence is relevant evidence of domicile. *See Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). A removing defendant may allege citizenship on information and belief where the jurisdictional allegations are plausible. *See Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

27. Here, Plaintiff alleges that she "is a California resident." (Compl., ¶ 7.) She further alleges that she worked for Defendants in California as an hourly, non-exempt employee and seeks to represent persons who worked for Defendants in California. (Compl., ¶ 27.) Based on these allegations and on information and belief, Defendant alleges that Plaintiff was domiciled in, and therefore a citizen of, California when this action was commenced and remains a citizen of California at the time of removal.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**2. Defendant ABM Industry Groups, LLC Is a Citizen of Delaware and New York.**

28. A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A limited liability company is "a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

29. ABM Industry Groups, LLC is now and was at the time this action was filed a single-member limited liability company. (*See* Declaration of Yu Jin Chou ("Chou Decl.") at ¶ 11). The sole member/owner of Defendant is ABM Industries, Inc. ("ABM Industries"). (*Id.*)

30. ABM Industries is now and was at the time this action was filed a citizen of the States of Delaware and New York within the meaning of 28 U.S.C. § 1332. (*Id*. at ¶ 12). ABM Industries is incorporated in Delaware and has its principal place of business in New York. (*Id*.) Thus, ABM Industry Groups, LLC is a citizen of Delaware and New York.

31. Plaintiff was a citizen of California, and was not a citizen of Delaware or New York when she filed the State Court Action or when this Petition and Notice was filed. Accordingly, minimal diversity exists between one Plaintiff (California) and at least one Defendant (Delaware and New York).

**3. Defendant GCA Services Group, Inc. Is a Citizen of Delaware and Texas.**

32. GCA Services Group, Inc. is now and was at the time this action was filed a citizen of the States of Delaware and Texas within the meaning of 28 U.S.C. § 1332. (*Id.* at ¶ 10). GCA Services Group, Inc. is incorporated in Delaware and has its principal place of business in Texas. (*Id*).

33. Therefore, for the purpose of determining jurisdiction, GCA Services Group, Inc. was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the States of Delaware and Texas.

**4. Defendant GCA Education Services, Inc. Was a Citizen of Tennessee and Texas.**

34. GCA Education Services, Inc. was a citizen of Tennessee and Texas within the meaning of 28 U.S.C. § 1332. (*Id*. at ¶ 4). GCA Education Services, Inc. was incorporated in Tennessee and had its principal place of business in Texas. (*Id*).

35. On September 4, 2024, GCA Education Services, Inc. converted from a Tennessee corporation into ABM Education Services, LLC, a Tennessee limited liability company. (*Id*. at ¶ 5). ABM Education Services, LLC is the same legal entity as, and the direct successor-in-interest to, GCA Education Services, Inc., which continued its legal existence without interruption in the new organizational

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

form. (*Id*).

36. ABM Education Services, LLC is a sole-member domestic limited liability company, formed under the laws of the State of Tennessee. (*Id*. at ¶ 6).

37. The sole member of ABM Education Services, LLC is GCA Services Group, Inc., which, as described above, is incorporated under the laws of the State of Delaware and has its principal place of business in Texas. (*Id*).

38. Therefore, ABM Education Services, LLC is a citizen of the States of Delaware and Texas, and not California.

**5. Defendant GCA Services Group of Texas, L.P. Is a Citizen of Delaware and Texas.**

39. GCA Services Group of Texas, L.P. is a limited partnership formed under the laws of the State of Texas. (*Id*. at ¶ 9). A partnership has the citizenships of all of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

40. GCA Services Group of Texas, L.P.'s general partner is Associated Facility Management, LLC, and its limited partner is Associated Facility Ventures, LLC. (Chou Decl., ¶ 9).

41. Both Associated Facility Management, LLC and Associated Facility Ventures, LLC are wholly owned subsidiaries of GCA Services Group, Inc. Neither Associated Facility Management, LLC nor Associated Facility Ventures, LLC has any member other than GCA Services Group, Inc. (*Id.*)

42. Accordingly, the citizenship of GCA Services Group of Texas, L.P. is derived entirely from GCA Services Group, Inc., which, as set forth above, is a citizen of the States of Delaware and Texas. (*Id.*)

**6. The Citizenship of "Doe Defendants" Must Be Disregarded.**

43. While Plaintiff asserts claims against "Doe" defendants who are ficticiously named and not served, they are not joined in this Petition and Notice, and shall be disregarded for the purpose of determining removal jurisdiction. 28

U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants.").

**B. There Are More Than 100 Members in the Proposed Class.**

44. This Court has original jurisdiction pursuant to 28 U.S.C. section 1332(d) if, among the other requirements of Section 1332(d), the action involves a putative class of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

45. Plaintiff defines the "Class" as "[a]ll persons who worked for any Defendant in California as an hourly, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice of class certification to the Class is sent." (Compl., ¶ 27).

46. From June 30, 2022 through October 31, 2024 alone, Defendant employed approximately 26,420 hourly, non-exempt employees in California. (Declaration of Richard Robinson ("Robinson Decl."), ¶ 4). Thus, even without considering the thousands of additional employees hired after October 31, 2024, the putative class alleged by Plaintiff far exceeds CAFA's 100-member requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. The Requisite Amount in Controversy Exceeds $5 Million.**

47. Although, again, Defendant denies that Plaintiff's claims have any merit, Defendant avers, for purposes of meeting the jurisdictional requirements for removal only, if Plaintiff were to prevail on every claim and allegation in her Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

48. The amount in controversy considers the amount in dispute, not the amount a plaintiff is likely to recover. *Lewis*, 627 F.3d at 400. "[T]he amount in

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original) (quoting *Lewis*, 627 F.3d at 401). Thus, in determining the maximum recovery that a plaintiff could reasonably recover, a defendant is "not required to 'review extensive employee records . . . to ascertain the exact violation rate for the purposes of removal.'" *Diaz v. Ardagh Metal Beverage USA, Inc.*, No. 2:22-CV-00100-TLN-KJN, 2022 WL 3368537, at *5 (E.D. Cal. Aug. 15, 2022) (emphasis added) (quoting *Heatley v. Lin Rogers Elec. Contractors, Inc.*, No. SACV 8:22-00042-CJC (KESx), 2022 WL 715156, at *3 (C.D. Cal. Mar. 10, 2022); citing *Ritenour v. Carrington Mortg. Servs*. LLC, 228 F. Supp. 3d 1025, 1031 (C.D. Cal. 2017)).

49. Nor is a defendant required to "prove it actually violated the law at the assumed rate." *Arias*, 936 F.3d at 927. "CAFA's [amount-in-controversy] requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015); *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025); *see also Ballungay v. Ricoh USA, Inc.*, No. 2:24-10785-JLS-AGR, 2025 WL 907546, at *5-6 (C.D. Cal. March 24, 2025); *Gant v. Aldi*, No. LA CV19-03109 JAK (PLAx), 2020 WL 1329909, at *2 (C.D. Cal. Mar. 20, 2020) (finding that a defendant may proffer evidence that establishes the number of employees who met the class description, their average rate of pay, and the number of qualifying workweeks, and that the defendant may then estimate the amount in controversy by making reasonable assumptions about potential violation rates based on allegations in the complaint).

**1. Plaintiff's First Claim for Failure to Pay Minimum Wages Places Over $33 Million in Controversy.**

50. Plaintiff's first cause of action alleges that Defendant knowingly failed

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

to pay Plaintiff and the Class compensation for all hours they worked. (Compl., ¶ 36). Specifically, Plaintiff alleges, "throughout the statutory period, Plaintiff and the class were required to work "off-the-clock" and uncompensated. For Example, Plaintiff and the Class were discouraged from recording any work time outside of their scheduled hours which resulted in some off-the-clock work due to Defendant's assignment of heavy workloads. For example, Plaintiff and the Class were required to change into their uniforms before clocking in for their shifts and were not compensated for this time worked. Additionally, Plaintiff and the class were required to respond to work requests from supervisors while clocked out during purported meal periods. Despite being required to perform these work tasks, Plaintiff and the class were not compensated for this time worked. In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the class worked." (*Id.*, ¶ 19).

51. Because Plaintiff alleges that Defendants' policies and practices resulted in a failure to pay minimum wages for all hours worked, this Court can assume one hour of unpaid minimum wages per non-exempt employee, during each workweek. "[C]ourts in this district have found an assumption of one hour of unpaid minimum wages per employee per workweek . . . to be reasonable, even if a complaint uses limiting language, when a plaintiff alleges a policy or practice on the part of defendants." *Demaria v. Big Lots Stores – PNS, LLC*, No. 2:23-CV-00296-DJC-CKD, 2023 WL 6390151, at *6 (E.D. Cal. Sept. 29, 2023); *see, e.g., Tijerina v. United Airlines, Inc.*, No. 24-CV-02466-BEN-SBC, 2025 WL 1355308, at *3-4 (S.D. Cal. May 9, 2025) (10% violation rate for overtime assumed reasonable based on policy and practice allegation in complaint); *Cabrera v. South Valley Almond Co., LLC*, No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *8 (E.D. Cal. Dec. 16, 2021) (finding that the defendant's "assumptions of one hour of unpaid overtime per week and one hour of unpaid minimum wages per week are consistent with allegations that violations occurred 'at times' and 'on occasion'"); *Soto v. Greif*

*Packaging, LLC*, No. SACV 17-2104 JVS (JDEx), 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of unpaid wages per employee per workweek where plaintiff alleged that defendant failed to pay her and the class members for all hours worked on a "consistent and regular basis").

52. Importantly, Plaintiff also alleges that the failure to pay minimum wages constitutes unfair competition within the meaning of Business and Professions Code section 17200. (Compl., ¶ 85). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for failure to pay minimum wage claims is based on a four-year limitations period.

53. From June 30, 2022 – October 31, 2024, Defendant employed approximately 26,420 hourly, non-exempt employees in California. (Robinson Decl., ¶ 4). During that time period, approximately 661,857 paychecks were issued to those employees. (*Id.*) On November 1, 2024, Defendant stopped using its HR and payroll information systems, JD Edwards, for the majority of its employees. (*Id.* at ¶ 6). Approximately 498 hourly, non-exempt California employees remained in the JD Edwards system. (*Id.*) From November 1, 2024 – August 12, 2026, Defendant hired an additional 1,616 employees in the JD Edwards system. (*Id.* at ¶ 7). During that time period, 99,940 checks were issued to those employees in the JD Edwards system. (*Id.*) From November 1, 2024 – August 12, 2026, Defendant hired an additional 7,658 employees in the new system. (Scruggs Decl., ¶ 4). During that time period, approximately 794,918 paychecks were issued to hourly, non-exempt employees in California in the new system. (Scruggs Decl., ¶ 6). In total in the class period, Defendant employed 35,694 non-exempt employees in California. In total, 1,556,715 paychecks were issued to non-exempt employees in California. Assuming that each paycheck represents at least one workweek, Class Members who allegedly suffered minimum wage violations worked at least 1,556,715 workweeks during the class period. Just to be conservative, Defendant

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

will subtract 12 weeks of vacation / sick time per alleged Class Member, even though many alleged Class Members did not work the full, 4-year statutory period. This leaves 1,128,387 workweeks (1,556,715 – (12 x 35,694)).

54. For large employers like Defendant, with 26 or more employees, the California minimum wage rate was $15.00 per hour in 2022. That is the rate that Defendant uses in these calculations for the entire class period, despite the California minimum wage increasing each year since then.

55. By multiplying the lowest hourly minimum wage rate applicable during the class period, by the minimum total number of weeks worked by the putative class during the class period, the total theoretical amount in controversy for Plaintiff's minimum wage claim is $16,925,805: ($15.00 x 1,128,387).

56. Because Plaintiff seeks liquidated damages pursuant to Labor Code section 1194.2, Plaintiff puts into controversy at least another $16,925,805 for liquidated damages. (Compl., ¶ 41; Prayer for Relief, ¶ 7).

57. Thus, the total amount in controversy for Plaintiff's First Cause of Action alone is **$33,851,610**.

**2. Plaintiff's Second Claim for Failure to Pay Overtime Compensation Places Over $25 Million in Controversy.**

58. Plaintiff's second cause of action alleges that Defendant failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law. (Compl., ¶ 48). Specifically, Plaintiff alleges "Plaintiff and the Class have worked more than eight hours in a workday, as employees of Defendants," and "Plaintiff and the Class are regularly required to work overtime hours." (*Id.*) Plaintiff further alleges that, "[t]hroughout the statutory period, Plaintiff and the Class worked more than 8 hours in a workday and more than 40 hours in a workweek. Defendants maintained a policy and practice of not paying Plaintiff and the Class for all hours worked, including all over time wages… Plaintiff and the Class were required to work "off-the-clock" and

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

uncompensated. For example, Plaintiff and the Class were discouraged from recording any work time outside of their scheduled hours which resulted in some off-the-clock work due to Defendant's assignment of heavy workloads. For example, Plaintiff and the Class were required to change into their uniforms before clocking in for their shifts and were not compensated for this time worked… In maintaining a practice of not paying all wages owed, Defendants failed to maintain accurate records of the hours Plaintiff and the Class worked." (*Id.*, ¶ 19).

59. Plaintiff's allegations are detailed and allege a series of policies and practices on the part of Defendant failing to pay overtime wages. Because Plaintiff has alleged systematic policies and practices on the part of Defendant to fail to pay overtime wages, for purposes of this jurisdictional analysis, the Court should, at minimum, assume one hour of unpaid overtime wages, per employee, during each workweek. *See, e.g., McCollum v. TGI Friday's, Inc.*, No. SACV 22-00392-FWS-JDE, 2022 WL 2663870, at *4 (C.D. Cal. July 11, 2022) (observing where plaintiff alleged "systematic pattern of wage and hour violations" assumptions of one violation per claim per pay period was reasonable); *Soto*, 2018 WL 1224425, at *3 (finding it reasonable to assume one hour of unpaid wages per employee per workweek where plaintiff alleged that defendant failed to pay her and the class members for all hours worked on a "consistent" and "regular" basis); *Reyes v. Carehouse Healthcare Ctr.*, LLC, No. SACV 16–01159–CJC(MRWx), 2017 WL 2869499, at *3 (C.D. Cal. July 5, 2017) (defendant's estimate of one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that defendants engaged in a "regular practice of willfully, unfairly and unlawfully" depriving plaintiff and the class members of compensation); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11–01477 AHM (JCx), 2011 WL 1790123, at *6-7 (C.D. Cal. May 9, 2011) (finding defendant's estimated one hour per week per class member conservative and reasonable when plaintiff alleged that he and putative class members "routinely" worked more than eight hours a day and/or forty hours per

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

week).

60. Plaintiff also alleges that the failure to pay overtime wages constitutes unfair competition within the meaning of Business and Professions Code section 17200. (Compl., ¶ 86). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for failure to pay overtime wages claims is based on a four-year limitations period.

61. As the Class is the same for this cause of action as it is for the first cause of action, the same amount of workweeks will be used: 1,128,387.

62. As discussed above, the California minimum wage rate was $15.00 per hour in 2022. That is the rate that Defendant uses in these calculations for the entire class period, despite the California minimum wage increasing each year since then.

63. By multiplying the lowest possible minimum wage rate during the class period ($15.00), by the overtime multiplier of 1.5, we get an overtime hourly rate of $22.50. By multiplying the lowest overtime hourly wage rate applicable during the class period, by the minimum total number of weeks worked by the putative class during the class, we get a total amount in controversy for Plaintiff's second claim of **$25,388,707.50.** (1,128,387 x $22.50 = $25,388,707.50).

**3. Plaintiff's Third and Fourth Claims For Failure to Permit Meal Periods and Rest Periods Place Over $33 Million in Controversy.**

64. Plaintiff alleges that Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law and that Defendants failed to authorize Plaintiff and the Class to take rest breaks. (Compl., ¶¶ 55, 59). Specifically, Plaintiff alleges "Defendants often required Plaintiff and the Class to work in excess of five consecutive hours a day without providing 30-minute, continuous and interrupted, duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not

provided by the end of the fifth hour of work or tenth hour of work. Defendants also did not adequately inform Plaintiff and the Class of their right to take a meal period … Plaintiff and the Class were often required to work during their meal periods, leading to the failure to provide uninterrupted meal periods. For example, Plaintiff and the Class were required to prioritize urgent work tasks before starting their meal periods or during their meal periods, resulting in late, shortened or interrupted meal periods. These requirements also meant Plaintiff and the Class were not relieved of all duty during their meal periods. For example, Plaintiff and the Class were required to respond to work requests from supervisors while clocked out during purported meal periods… Accordingly, Defendant's policy and practice was to not provide meal periods to Plaintiff and the Class in compliance with California law." (Compl., ¶ 20).

65. Regarding rest periods, Plaintiff specifically alleges, "Defendants often required Plaintiff and the Class to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a net 10-minute, continuous and uninterrupted, rest period for every four hours of work (or major fraction thereof), or without compensating Plaintiff and the Class for rest periods that were not authorized or permitted. Defendants also did not adequately inform Plaintiff and the Class of their right to take a rest period. Moreover, Defendants did not have adequate policies or practices permitting or authorizing rest periods for Plaintiff and the Class, nor did Defendants have adequate policies or practices regarding the timing of rest periods. Defendants also did not have adequate policies or practices to verify whether Plaintiff and the Class were taking their required rest periods. Further, Defendants did not maintain accurate records of employee work periods, and therefore Defendants cannot demonstrate that Plaintiff and the Class took rest periods during the middle of each work period. For example, Plaintiff and the Class were required to respond to work requests from supervisors while on their purported rest periods. Plaintiff and the Class were required to prioritize work tasks

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

over taking rest periods and were often required to forego their rest periods. As a result, Plaintiff and the Class were rarely provided with compliant rest periods and were regularly required to work through their rest periods. Accordingly, Defendants' policy and practice was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law." (*Id.*, ¶ 21).

66. Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed, and one hour of premium pay for each day that a rest period is missed, i.e., two hours of premium pay for each day that both a meal and rest period are missed. *See Tercero v. C&S Logistics of Sacramento/Tracy LLC*, No. 2:24-CV-00963-DC-JDP, 2024 WL 4826348 at *5 (E.D. Cal. Nov. 19, 2024); *Marlo v. United Parcel Serv., Inc*., No. CV 03-04336 DDP (RZx), 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009). As a matter of law, meal and rest period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Grp., Inc*., No. C 08-01184 SI, 2008 WL 2002511, at *4 (N.D. Cal. May 7, 2008).

67. Plaintiff also alleges that the failure to provide uninterrupted meal and rest periods constitutes unfair competition within the meaning of Business and Professions Code section 17200. (Compl., ¶¶ 88-89). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for meal and rest break violation claims is based on a four-year limitations period.

68. Courts have held that up to a 60% violation rate is reasonable to assume when no specific amount of violations are alleged. *See Sanchez v. Abbott Labs*., No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *4-5 (E.D. Cal. June 30, 2021) (holding that a 20% to 60% violation rate for meal period and rest period violations is reasonable when a plaintiff claims a "pattern and practice" of meal and rest period

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

violations); *Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d 968, 975 (E.D. Cal. 2023) (holding that a 24% violation rate is reasonable where meal and rest breaks were alleged to not be provided "at times").

69. Here, Defendant applies the even more conservative rate of one alleged violation per week per claim. *See Campbell v. Vitran Exp., Inc.*, 471 F.App'x 646, 648-649 (9th Cir. 2012) (finding an assumption that "each claimant missed at least one rest break and one meal break per week" was adequately supported by the complaint where the complaint alleged that defendant "regularly and consistently failed to provide uninterrupted meal and rest periods"); *Tijerina, supra*, 2025 WL 1355308, at *2 (assumed violation rate of one rest break per workweek and one missed meal period break every other workweek was reasonable); *Byrd v. Masonite Corp*., No. EDCV 16-00035 JGB (KKx), 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016) (allegations of a systematic practice supports the "assumption that each putative class member missed one meal break and one rest period per workweek"); *Garza v. Brinderson Constructors, Inc*., 178 F. Supp. 3d 906, 911 (N.D. Cal. 2016) (assumption of one meal and one rest violation per week is reasonable where the complaint alleged that plaintiff "regularly" missed meal breaks).

70. Defendant calculates the combined minimum amount in controversy for the Class Members as follows: $15 (lowest minimum wage rate during the class period) x 2 (one meal premium + one rest premium) x 1,128,387 (the minimum number of workweeks during the class period) = **$33,851,610**.

**4. Plaintiff's Fifth Claim Under Cal. Lab. Code Section 2802 for Failure to Indemnify Places Over $8 Million in Controversy.**

71. An employer is required to indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties under California Labor Code section 2802. Plaintiff alleges that at times, Defendant wrongfully required Plaintiff and the Class

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

to pay expenses that they incurred in direct discharge of their duties for Defendants without reimbursement. (Compl., ¶ 22). Specifically, Plaintiff alleges, "Plaintiff and the Class were required to use their personal cell phones for work purposes such as communicating with co-workers and supervisors regarding work-related issues. Plaintiff and the Class were also required to purchase tools such as cleaning products, but were not reimbursed for these expenses. Plaintiff and the Class were also required to use their personal vehicles for work purposes, such as driving to other locations to clean, but were not reimbursed for these costs. (*Id*). While Defendant strongly denies that business expenses are owed to Plaintiff or putative class members, that fact is irrelevant for purposes of this jurisdictional analysis. *See Lewis*, 627 F.3d at 399; *Heejin Lim*, 2012 WL 359304, at *2.

72. If, as Plaintiff alleges, she and Class Members were required to use their personal cellphones for work-related purposes, purchase tools necessary to perform work duties, and use their personal vehicles for work purposes, then a reasonable assumption is that the Complaint alleges a 100% violation rate for all employees. *See Vallejo v. Sterigenics U.S., LLC*, No. 3:20-cv-01788-AJB-AHG, 2021 WL 2685348, at *6 (S.D. Cal. June 29, 2021) (where the plaintiff alleged that personal cellphones were required for work but not reimbursed, $300 for each work year was a reasonable calculation).

73. Plaintiff also alleges that the failure to provide reimbursements for business expenses constitutes unfair competition within the meaning of Business and Professions Code section 17200. (Compl., ¶ 90). The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for expense reimbursement violation claims is based on a four-year limitations period.

74. As Plaintiff alleges a 100% violation rate of failing to reimburse business expenses in the Complaint, the amount in controversy for the fifth cause of action, pursuant to the authority in *Vallejo*, No. 3:20-cv-01788-AJB-AHG, 2021 WL

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

2685348, at *6, is **$8,980,800** as follows: ($300 [assumed annual reimbursement amount] x 29,936 work years [1,556,715 employee workweeks/52 weeks]).

**5. Plaintiff's Sixth Claim for Failure to Pay Final Wages at Termination Places over $66 Million in Controversy.**

75. Plaintiff alleges that Defendants willfully failed and refused to timely pay Plaintiff and the Class at the conclusion of their employment all wages for all minimum wages, overtime wages, meal period premium wages, and rest period premium wages. (Compl., ¶¶ 23, 67). The statute of limitations for penalties under California Labor Code section 203 is three years. Cal. Civ. Proc. Code § 338(a).

76. Although, again, Defendant denies that any such statutory violations occurred, or that any such wages, penalties, or damages are owed to Plaintiff or putative class members, that fact is irrelevant for purposes of this jurisdictional analysis. *See Lewis*, 627 F.3d at 399; *Heejin Lim v. Helio, LLC*, No. CV 11–9183 PSG (PLAx), 2012 WL 359304, at *2 (Feb. 2, 2012).

77. If an employer fails to pay wages due to an employee at the time of termination or within 72 hours after resignation, as required by California Labor Code sections 201-202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to a maximum of 30 days. Cal. Lab. Code § 203(a); see also *Quintana v. Claire's Stores, Inc*., No. 13-0368-PSG, 2013 WL 1736671, at *4-6 (N.D. Cal. Apr. 22, 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiffs' allegations and are a reasonable estimate of the potential value of the claims."). Thus, penalty amounts are calculated by multiplying the number of former employees in the putative class by thirty days' wages. Thirty days' wages, in turn, can be calculated by multiplying the average number of hours worked by the average rate of pay. *See Ritenour*, 228 F. Supp. 3d at 1028-29 (explaining the calculations); *Rippee v. Boston*

*Mkt. Corp*., 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (same).

78. If, as Plaintiff alleges, "the employment of Plaintiff and many other members of the Class ended… and the employment of others will be," and "Defendants failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202…" (Compl., ¶ 67), then a reasonable assumption is that the Complaint alleges a 100% violation rate for terminated employees. *See Salcido v. Evolution Fresh, Inc*., No. 2:14-CV-09223-SVW-PLA, 2016 WL 79381, at *7 (C.D. Cal. Jan. 6, 2016) (full 30-day waiting time penalty applied for all terminated employees, when based on systematic policies adopted by the employer); *Mackall v. Healthsource Glob. Staffing, Inc*., No. 16-CV-03810-WHO, 2016 WL 4579099, at *6 (N.D. Cal. Sept. 2, 2016) (same); *Tajonar v. Echosphere, L.L.C*., No. 14CV2732-LAB (RBB), 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (same).

79. The California minimum wage rate was $15.50 per hour in 2023, the earliest year applicable to this claim. That is the rate that Defendant uses in these calculations, despite the California minimum wage increasing each year since then.

80. From June 30, 2023 – October 31, 2024, approximately 7,097 non-exempt, hourly employees of Defendant separated their employment in California. (Robinson Decl., ¶ 5). From November 1, 2024 – August 12, 2026, approximately 708 non-exempt, hourly employees of Defendant separated their employment in California in the JD Edwards system. (*Id.* at ¶ 7). From November 1, 2024 – August 12, 2026, approximately 9,953 non-exempt, hourly employees of Defendant separated their employment in California in the new system. (Scruggs Decl., ¶ 5). In total, 17,758 non-exempt, hourly employees of Defendant separated their employment in California. Thus, for Plaintiff and the alleged Class Members, the amount in controversy, pursuant to the authority in *Ritenour*, 228 F. Supp. 3d at 1028-29; *Mackall*, 2016 WL 4579099, at *6; and *Tajonar*, 2015 WL 4064642, at *3, is **$66,059,760**, calculated as follows: ($15.50 [lowest minimum wage for the time

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

period] x 8 [hours per day of work] x 30 [days of waiting time penalties] x 17,758.)

**6. Statutory Attorneys' Fees at the Rate of 25% Must Also Be Considered in Calculating the Amount in Controversy.**

81. Plaintiff seeks attorneys' fees on behalf of the putative class. (Compl., ¶¶ 43, 64, 71, 79, 98; Prayer for Relief, ¶¶ 8, 13, 18, 23, 28, 33, 38, 43). Attorneys' fees are properly included in the amount in controversy. *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

82. In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *In re Activision Securities Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%). Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy. *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *6-7 (N.D. Cal. Mar. 1, 2012) (holding that "it was not unreasonable for [defendants] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

83. Using the reasonable assumptions described above, the total amount in controversy based on Plaintiff's First, Second, Third, Fourth, Fifth, and Sixth Causes of Action is approximately $168,132,487.50 ($33,851,610 [Failure to Pay Minimum Wages] + $25,388,707.50 [Failure to Pay Overtime Compensation] + $33,851,610 [Failure to Provide Meal and Rest Breaks] + $8,980,800 [Failure to Indemnify] + $66,059,760 [Failure to Timely Pay Final Wages at Termination]).

84. Thus, an additional $42,033,121.87 in potential attorneys' fees, calculated as 25% of the $168,132,487.50 in alleged exposure described above, should be added to the amount in controversy. Accordingly, the total amount in controversy including attorneys' fees, would be approximately $210,165,609.37.

**7. Summary of Amount in Controversy.**

85. In light of the foregoing, Plaintiff's allegations in her First, Second, Third, Fourth, Fifth, and Sixth Causes of Action establish an amount in controversy well in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA. The absolute minimum amount in controversy is summarized as follows:

| **Damages** | **Amount** |
|---|---|
| Failure to Pay Minimum Wages | $33,851,610 |
| Failure to Pay Overtime Compensation | $25,388,707.50 |
| Failure to Provide Meal and Rest Breaks | $33,851,610 |
| Failure to Indemnify | $8,980,800 |
| Failure to Timely Pay Final Wages at Termination | $66,059,760 |
| **Subtotal** | **$168,132,487.50** |
| Attorneys' Fees (25%) | $42,033,121.87 |
| **Total** | **$210,165,609.37** |

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Specifically, Plaintiff's Seventh Cause of Action alleging a failure to provide accurate itemized wage statements and Eighth Cause of Action alleging unfair business practices will materially increase the total amount in controversy.

## IV. NO EXCEPTION APPLIES TO DEFEAT CAFA REMOVAL

86. Because Defendant has shown that federal jurisdiction exists over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies, if any, and justifies remand. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as neither the "Home State" nor the "Local Controversy" exceptions apply to this action.

### A. The "Home State" Exception Does Not Apply.

87. The "Home State" exception does not apply because there are primary Defendants that are not citizens of California. Under the "Home State" exception, a case may be remanded where "*all* primary defendants" are citizens of California. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) (emphasis added); *see also Corsino v. Perkins*, No. CV 09-09031 MMM (CWx), 2010 WL 317418, at *5 (C.D. Cal. Jan. 19, 2010) (emphasis added) ("Many courts 'agree that the term "the primary defendants" means that all primary defendants must be citizens of the state concerned.'" (Citations omitted.)). Stated conversely, where any one primary defendant is a citizen of a state other than California, the "home state" exception will not apply to justify remand. *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF (JTLx), 2005 WL 3967998, at *8 (C.D. Cal. Nov. 21, 2005).

88. A primary defendant is one who: (1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiff; or (5) is the only defendant named in one particular cause of action. *Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 949, 953 (C.D. Cal. 2014) (citations omitted); *see also Singh*, 925 F.3d at 1067-68 (determination of whether a defendant is a "primary defendant" depends on whether,

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

"given the claims asserted against the defendant, it has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable" (internal quotation marks omitted)). Plaintiff has the burden of showing the "home state" exception applies to justify remand. *Serrano*, 478 F.3d at 1024.

89. Plaintiff cannot meet this burden because Defendant ABM Industry Groups, LLC, is a citizen of the States of Delaware and New York, not California, as described above. *See Singh*, 925 F.3d at 1067-68. Furthermore, Defendant GCA Education Services, Inc., now ABM Education Services, LLC, hired and employed Plaintiff and is a citizen of Delaware and Texas. (Chou Decl., ¶¶ 3, 5, 6). While Defendant GCA Services Group of California, Inc. may be a California citizen, Plaintiff alleges that each Defendant was the former employer of Plaintiff and of the putative class. (Compl., ¶¶ 9-13). Plaintiff's complaint, at best, paints a picture of equal joint liability between all Defendants.

**B. <u>The "Local Controversy" Exception Does Not Apply.</u>**

90. The "Local Controversy" exception does not apply because similar class actions have been filed in the last three years. The "Local Controversy" exception applies to justify remand only when, "during the 3-year period preceding the filing of [the current] action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Plaintiff cannot meet her burden here to satisfy the exception because multiple similar class actions have been filed and/or pending in the past three years. *Serrano*, 478 F.3d at 1024.

91. Within the three years prior to Plaintiff's filing of her Complaint, there have been multiple prior class actions filed against a Defendant in the current action. First, *Curtis Williams v. ABM Industry Groups, LLC, et al.*, Case No. 24CV023944, was originally filed in Sacramento Superior Court on November 22, 2024, against Defendant ABM Industry Groups, LLC and other entities. (*See* RJN, Ex. A).

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Second, *Maria E. Rodriguez v. ABM Industry Groups, LLC*, Case No. 25STCV11930, was originally filed in Los Angeles Superior Court on April 23, 2025, against Defendant ABM Industry Groups, LLC. (*See* RJN, Ex. B). Third, *Maria De Los Angeles Acevedo v. ABM Industry Groups, LLC, et al.*, Case No. 25CV471141, was originally filed in Santa Clara Superior Court on July 22, 2025, against ABM Industry Groups, LLC and other defendants. (*See* RJN, Ex. C). Fourth, *Maria Reina Bonilla v. ABM Industry Groups, LLC, et al.*, Case No. 25STCV22684 was originally filed in Los Angeles Superior Court on July 31, 2025, against ABM Industry Groups, LLC and other entities. (*See* RJN, Ex. D). These four class actions assert wage and hour claims that are similar, if not identical, to the claims asserted by Plaintiff, on behalf of the same persons (i.e., hourly employees of ABM Industry Groups, LLC).

92. Because at least one other class action has been filed against Defendant in the present action within the last three years, alleging similar factual allegations and legal claims against Defendant on behalf of the same or similar persons, the "Local Controversy" exception cannot apply. *Corsino*, 2010 WL 317418, at *4; *Jadeja v. Redflex Traffic Sys., Inc.*, 2010 WL 4916413, at *3 (N.D. Cal. Nov. 22, 2010).

## V. <u>THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE SATISFIED</u>

93. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles Superior Court is located within the Western Division of the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

94. In accordance with 28 U.S.C. section 1446(a), copies of all pleadings, process, and orders filed and served upon or by Plaintiff or Defendant in the State Court Action at the time of removal are attached as Exhibits accompanying this

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Notice and Petition.

95. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of Compliance shall be filed promptly afterwards with this Court.

96. As required by Central District Local Rule 7.1-1, Defendant concurrently filed its Notice of Interested Parties, along with its Civil Case Cover Sheet.

## VI. CONCLUSION

97. Defendant hereby respectfully removes this action from the Superior Court of California in and for the County of Los Angeles to this United States District Court.

DATED: August 21, 2026

PAYNE & FEARS LLP
Attorneys at Law

By: */s/ Taylor B. Brown*
JEFFREY K. BROWN
TAYLOR B. BROWN

Defendants GCA EDUCATION SERVICES, INC.; GCA SERVICES GROUP OF CALIFORNIA, INC.; GCA SERVICES GROUP OF TEXAS, L.P.; GCA SERVICES GROUP, INC.; and ABM INDUSTRY GROUPS, LLC

4923-3215-6871.2

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100